IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WALTER JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-1081-D |
| | ) | |
| STATE OF OKLAHOMA, *ex rel*. | ) | |
| DEPARTMENT OF HUMAN SERVICES, | ) | |
| and LINDA MONROE, individually and in | ) | |
| her official capacity as an employee of the | ) | |
| State of Oklahoma, Department of Human | ) | |
| Services, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss [Doc. No. 10], filed pursuant to Fed. R.

Civ. P. 12(b)(6).  Plaintiff has filed no response, and the Court in the exercise of discretion under

LCvR7.1(g) deems the Motion confessed.  For this reason, and reasons set forth herein, the Court

finds that Plaintiff's action should be dismissed for failure to state a claim upon which relief can be

granted.

### Factual Background

Plaintiff brought suit in state court on November 14, 2011, asserting a negligence claim and

a civil rights claim under 42 U.S.C. § 1983 against the State of Oklahoma *ex rel*. Department of

Human Services ("DHS") and its employee, Linda Monroe.[1]  After service of process and Plaintiff's

amended petition, Defendants timely removed the action to federal court on September 28, 2012,

based on subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(3).  The amended petition

---

[1]  Plaintiff's civil rights claim also refers to "other attorneys for DHS" who allegedly acted with
Ms. Monroe, but no other individual defendants are named.  *See* Am. Pet. [Doc. No. 1-2], Count 2, ¶ 4.

alleges that DHS initiated a paternity and child support action against Plaintiff while he was incarcerated; failed to give him proper notice and an opportunity for genetic testing; caused a child support lien, a contempt citation, and bench warrants to be issued against him; caused Plaintiff to be arrested and jailed; and caused his driver's license to be revoked.  The amended petition further alleges that after genetic testing was finally completed and Plaintiff was excluded as the biological father, DHS then dismissed the contempt proceeding and vacated its administrative orders.  Based on a claim of negligence by DHS and Ms. Monroe in depriving Plaintiff of his liberty and driver's license for six years, Plaintiff seeks compensatory damages in the amount of $125,000.00 under the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-172.[2]  Based on a claim that Ms. Monroe and unnamed DHS attorneys violated Plaintiff's rights under the Fourteenth Amendment of the Constitution, Plaintiff seeks an unspecified amount of compensatory and punitive damages under 42 U.S.C. § 1983, and attorney fees under 42 U.S.C. § 1988.

### Defendants' Motion

DHS and Ms. Monroe in her official capacity move for dismissal of Plaintiff's § 1983 claim because a state agency is not a "person" subject to suit under § 1983.[3]  Ms. Monroe in her individual capacity seeks dismissal of the § 1983 claim against her because the amended complaint fails to allege her personal participation in any violation of Plaintiff's constitutional rights and because she

[2] Although the Act is not cited, the amended petition acknowledges its applicability to a tort action against a state agency by alleging compliance with statutory procedures required by the Act, which are jurisdictional preconditions to suit.  *See, e.g.*, *Cruse v. Board of County Comm'rs*, 910 P.2d 998, 1004-05 (Okla. 1995) (a civil action is barred by failure to comply with statutory procedural requirements).

[3] An action against a state employee in his or her official capacity is an action against the State of Oklahoma.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent."); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) ("a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents").

enjoys qualified immunity from suit.  Similarly, Ms. Monroe moves for dismissal of Plaintiff's

negligence claim against her personally due to her immunity under the Governmental Tort Claims

Act.  DHS also moves for dismissal of Plaintiff's tort claim based on statutory exemptions from

liability for governmental acts to enforce state laws and execute court orders.

### Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  The

court of appeals has recognized that "the degree of specificity necessary to establish plausibility and

fair notice [under Rule 8(a)(2)], and therefore the need to include sufficient factual allegations,

depends on context."  *See Robbins*, 519 F.3d at 1248.  "In § 1983 cases, defendants often include

the government agency and a number of government actors sued in their individual capacities.

Therefore it is particularly important in such circumstances that the complaint make clear exactly

*who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis

of the claims against him or her, as distinguished from collective allegations against the state."  *Id.*

at 1249-50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir.

2009).

**Discussion**

**A.      § 1983 Claims**

The law is well settled that "neither a State nor its officials acting its their official capacities are 'persons' under § 1983." *See Will v. Department of State Police*, 491 U.S. 58, 71 (1989); *see also Lapides v. Board of Regents*, 535 U.S. 613, 617 (2002). Thus, Plaintiff's amended petition plainly fails to state a § 1983 claim against DHS or Ms. Monroe in her official capacity. As to Ms. Monroe individually, the law is clear in this circuit that to state a plausible § 1983 claim, Plaintiff must allege sufficient facts to show that Ms. Monroe violated his constitutional rights and that those rights were clearly established at the time of the violation. *See Robbins*, 519 F.3d at 1249. The amended petition fails to satisfy this requirement. It recites factual allegations of various actions taken by DHS, but fails to identify any act taken by Ms. Monroe. Accordingly, it is impossible for Ms. Monroe to ascertain from the amended complaint what particular unconstitutional act she is alleged to have committed. Therefore, the Court finds that the amended petition fails to state a § 1983 claim against Mr. Monroe in her individual capacity, and that Plaintiff's § 1983 action must be dismissed.

**B.      Negligence Claim**

The Governmental Tort Claims Act provides for exclusive liability of the State of Oklahoma for the torts of its officers or employees acting within the scope of their office or employment. *See* Okla. Stat. tit. 51, § 153; *see also Shephard v. CompSource Oklahoma*, 209 P.3d 288, 294 (Okla. 2009). The Act also provides that all state employees acting within the scope of employment "shall be immune from liability for torts." *See* Okla. Stat. tit. 51, § 152.1; *see also id*. § 163(C) ("In no instance shall an employee of the state or political subdivision acting within the scope of his

4

employment be named as defendant . . . ."). Thus, Plaintiff cannot sue Ms. Monroe for any negligent act she may have committed while performing her duties as a DHS employee.

Further, Plaintiff's negligence action against DHS is barred by statutory exemptions from tort liability.  The Act expressly provides that the State shall not be liable if a loss or claim results from the enforcement of "a law, whether valid or invalid, including, but not limited to, any statute, charter, provision, ordinance, resolution, rule, regulation or written policy" or from the "[e]xecution or enforcement of the lawful orders of any court."  *See id*. § 155(3), (4).  DHS is obligated by statute to "administer a statewide plan for child support . . . [and] to provide child support services, parent location services, and paternity determination services."  *See* Okla. Stat. tit. 56, § 237(A).  In performing these obligations, DHS is expressly authorized to initiate legal actions and to petition for orders establishing paternity, requiring child support, and enforcing orders for paternity and child support.  *See id*. § 237(B)(3) and (D).  Plaintiff's factual allegations set out a series of events that occurred as a result of DHS's efforts to perform its statutory duties and to enforce state court orders issued during the proceedings.  Accordingly, Plaintiff's allegations of negligence by DHS or its employees fall within statutory exemptions from liability, and his negligence claim is barred by the State's sovereign immunity from liability.  *See* Okla. Stat. tit. 51, § 152.1 (adopting sovereign immunity and waiving immunity only to the extent provided by the Act).  Therefore, the Court finds that Plaintiff's amended petition fails to state a tort claim against DHS, and that his negligence action must be dismissed.

**Conclusion**

For these reasons, the Court finds that Defendants are entitled to the dismissal of Plaintiff's action for failure of the amended petition to state a claim upon which relief can be granted.[4]

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 10] is GRANTED.  Judgment shall be entered accordingly.

IT IS SO ORDERED this 18th day of December, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] The Court finds that no opportunity to file an amended pleading is warranted because the dismissal is based on legal insufficiencies of Plaintiff's pleading and because he failed to contest Defendants' Motion. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).