IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER JONES, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-12-1081-D |
| STATE OF OKLAHOMA, *ex rel.* DEPARTMENT OF HUMAN SERVICES, and LINDA MONROE, individually and in her official capacity as an employee of the State of Oklahoma, Department of Human Services, | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff's Motion to Vacate 12(b)(6) Judgment of Dismissal [Doc. No. 14], filed pursuant to Fed. R. Civ. P. 60. Defendants have timely opposed the Motion, and the time period for filing a reply brief pursuant to LCvR7.1(i) has expired. Thus, the Motion is at issue.

**Factual Background**

By Order of December 18, 2012, the Court granted Defendants' motion to dismiss this action due to the failure of Plaintiff's amended pleading to state a claim upon which relief could be granted. On the same day, the Court entered a judgment in favor of all defendants. Although the motion to dismiss was confessed due to Plaintiff's failure to respond, the Court also addressed the merits of Plaintiff's federal civil rights claims under 42 U.S.C. § 1983, and negligence claims governed by the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-172, against the State of Oklahoma *ex rel.* Department of Human Services ("DHS") and its employee, Linda Monroe. In so doing, the Court found that 1) no § 1983 claim was available against DHS or Ms. Monroe in her official capacity; 2) Plaintiff's pleading lacked sufficient factual allegations to state a plausible § 1983 claim

against Ms. Monroe individually; 3) Ms. Monroe was immune from liability for the alleged negligent performance of her duties as a DHS employee; and 4) Plaintiff's negligence action against DHS was barred by statutory exemptions from tort liability.

Approximately one year later on December 17, 2013, Plaintiff filed the instant Motion asking the Court to exercise its discretionary authority to vacate the dismissal and permit him to pursue his claims. Plaintiff alleges that his attorney of record did not maintain a federal court practice and did not have a current email address on file with the Court and, therefore, counsel did not receive notice of Defendants' motion to dismiss or any filings in the case. As a result, Plaintiff asserts that he did not receive actual notice of the dismissal. Plaintiff also alleges that, through inadvertence and excusable neglect, counsel failed to inquire about the case or update his contact information with the Court for nearly a year, and caused Plaintiff's delay in seeking relief from the dismissal. By his Motion, Plaintiff seeks to vacate the judgment on alternative grounds under Rule 60(b)(1) – mistake, inadvertence, surprise, or excusable neglect – and Rule 60(d)(2), discussed *infra*.

**Standard of Decision**

Rule 60(b)(1) authorizes a district court to relieve a party from a final judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect." From this language, and similar language in other procedural rules, a federal standard has developed.[1] *See Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) ("'The guidelines governing a district court's consideration of a Rule 60(b)(1) motion . . . are well established.'") (quoting *Cessna Fin. Corp. v. Bielenberg Masonry*

---

[1] Plaintiff incorrectly asserts that state law should be used to define "excusable neglect." *See* Motion at p.2, n.1.

2

*Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983)). The Tenth Circuit has explained the standard as follows:

> "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394, 113 S. Ct. 1489, 123 L Ed. 2d 74 (1993). More generally, "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.' The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388, 113 S.Ct. 1489 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983) . . . ).
>
> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. . . . Relevant factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* "'[F]ault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable.'" *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)). An additional consideration is whether the moving party's underlying claim is meritorious. *See Cessna Fin. Corp.*, 715 F.2d at 1444-45 (discussing, in the context of a motion to set aside a default judgment, the need to avoid frivolous litigation).

*Id.* at 856-57 (footnotes omitted).[2] Although a district court has substantial discretion under Rule 60(b), the movant bears the burden "to plead and prove excusable neglect." *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990); *see also Cessna*, 715 F.2d at 1445.

Rule 60(d)(2), also cited by Plaintiff, merely confirms a district court's power "to grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action." This

---

[2] Regarding mistakes, the Tenth Circuit explained in *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999), that the kind of excusable mistakes remediable under Rule 60(b)(1) are "litigation mistakes that a party could not have protected against, such as counsel acting without authority. Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."

statute applies to actions to enforce a lien or claim to property, or to remove an encumbrance or cloud on title to property, where a defendant cannot be served within the state and does not voluntarily appear. The statute authorizes an absent defendant who was not personally served or notified of an order to appear, to have a judgment adjudicating his interest in the property set aside within one year. *See* 28 U.S.C. § 1655. This statute and the reference to it in Rule 60(d)(2) have no bearing on this action or Plaintiff's Motion to vacate the dismissal of his case.

**Discussion**

Upon careful consideration of Plaintiff's Motion under Rule 60(b)(1), the Court finds that neglect and carelessness by Plaintiff's attorney are facially presented, but that Plaintiff's allegations are insufficient to establish excusable neglect under the circumstances shown by the case record.

First, Plaintiff's principal argument in support of his Motion is that if the lawsuit is not reinstated, "the prejudice to Plaintiff's rights and cause of action would likely be absolute and fatal." *See* Motion, ¶ 5. However, Plaintiff does not address the merits of his claims or allege any error by the Court in dismissing his action "based on legal insufficiencies of Plaintiff's pleading." *See* Order of Dec. 18, 2012 [Doc. No. 11] at 6, n.4. Notwithstanding the alleged errors by counsel, Plaintiff received notice of defects in his pleading when he learned of the dismissal – as argued by Defendants in their motion and found by the Court in its Order – but Plaintiff fails to address these pleading defects. Further, Plaintiff offers no basis to expect that he would be able to correct them if granted further opportunity to plead after vacating the dismissal. Accordingly, the Court finds that Plaintiff has failed to explain why he should be relieved from the dismissal of his action, even if it was partially caused by his failure to respond to Defendants' motion to dismiss. Plaintiff provides

4

no basis for the Court to conclude that a meritorious claim may be lost if the dismissal of his action is not vacated.

On the other hand, Defendants dispute the conclusory statement in Plaintiff's Motion that their ability to defend the lawsuit will not be unduly prejudiced if it is reinstated. Defendants note that the factual allegations of Plaintiff's pleading concern events that began almost 10 years ago when DHS obtained an order for paternity and child support against him by default, and a series of enforcement actions spanning 6 years continued until Plaintiff was excluded as the biological father in December, 2010. Defendants argue that a "defense of the Plaintiff's 'stale' claims against them would be difficult at best and certainly prejudiced by the long delay that has occurred." *See* Defendant's Response [Doc. No. 16]. This argument facially has merit, and Plaintiff makes no reply to it. Thus, the Court finds a significant risk of prejudice to Defendants if the dismissal is vacated.

Finally, Plaintiff provides no explanation or excuse for his own actions in disregarding his case and apparently making no inquiry about it. Plaintiff's attorney plainly knew the case had been removed to federal court. The Notice of Removal certifies that a paper copy was mailed to Plaintiff's attorney in Duncan, Oklahoma, on September 28, 2012, and a copy was mailed to the Stephens County court clerk for filing in the state court record, which was done on October 3, 2012. *See* Certificate [Doc. No. 5]. Further, a copy of the state court docket sheet attached to the Notice of Removal reflects little activity in the case since it was filed in November 15, 2011.[3] Thus from the time Plaintiff filed suit until the filing of the instant Motion, it appears that Plaintiff largely

---

[3] Plaintiff's litigation activity consisted of filing of an amended petition and having summonses issued in May, 2012, and filing returns of service in September, 2012.

ignored his case for more than two years. The Court cannot say that Plaintiff lacks any fault in the delay, and Plaintiff's lack of diligence also weighs against a finding of excusable neglect.

In summary, upon consideration of all relevant equitable circumstances shown by the record, the Court finds that Plaintiff has failed to justify relief from the judgment under Rule 60(b)(1).

## Conclusion

For these reasons, the Court finds insufficient reason to grant Plaintiff relief from the dismissal of his action.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate 12(b)(6) Judgment of Dismissal [Doc. No. 14] is DENIED.

IT IS SO ORDERED this 7th day of February, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE